IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JEB ERIC SIMPSON                                                                PLAINTIFF

V.                                                       CAUSE NO.: 2:08-cv-19-SA-SAA

UNITED STATES OF AMERICA, et al.                                   DEFENDANTS

## MEMORANDUM OPINION

Before the Court are the following motions: Defendant United States of America's Motion to Dismiss on the grounds that this Court lacks subject matter jurisdiction of this matter [17]; Defendant United States of America's Motion to Set Aside entry of default entered against it [19]; and Plaintiff's Motion to Strike the motions and supporting memoranda of Defendant United States [24]. For the reasons stated below, the Court denies the Plaintiff's motion to strike, denies the United States' motion to dismiss, and grants the United States motion to set aside the entry of default.

### I.  Factual and Procedural Background

As a result of a traffic stop on December 13, 2007, the Drug Enforcement Administration (DEA) seized $137,945.00 of currency in the Plaintiff's possession. On December 27, 2007, the DEA sent notice to the Plaintiff that they were initiating an administrative civil forfeiture proceeding, pursuant to 18 U.S.C. § 983(a)(1)(A)(i). The notices sent to the Plaintiff outlined the administrative and judicial forfeiture processes established by Congress in the Civil Asset Forfeiture Reform Act (CAFRA), advising the Plaintiff as to the proper procedure to claim his property. *See* 18 U.S.C. §§ 981, 983.

The Plaintiff responded by filing a Complaint with this Court on January 29, 2008, seeking equitable relief in the return of his money. The DEA, receiving a copy of Plaintiff's

Complaint in the mail, accepted it as a claim of the money in response to their notice of seizure – as required by 18 U.S.C. § 983(a)(2) and outlined in their December 27, 2007 notice – to contest the administrative civil forfeiture. The Plaintiff then served process on each Defendant in this action by certified mail, on various dates between February 1, 2008 and March, 14, 2008. On March 21, 2008, the United States filed a complaint for forfeiture with this Court, initiating a judicial civil forfeiture action against the property at issue, pursuant to 18 U.S.C. § 983(a)(3)(A). *See* United States v. $137,945, No. 1:08-cv-88 (N.D. Miss. filed March 21, 2008).

On April 30, 2008, the Plaintiff applied for an entry of default against all Defendants. The clerk entered a default against the following Defendants on May 2, 2008: Panola County Sheriff's Department, Tri-County Narcotics Task Force, Special Agent Dean Gibbs, and Agent Andrew L. Estridge. On May 14, 2008, the clerk entered a default as to the remaining Defendants: United States of America, United States Department of Justice, and United States Drug Enforcement Administration.

On May 15, 2008, the United States filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the relief sought by the Plaintiff was only properly pursued in the civil forfeiture action filed by the United States of America. The United States followed its motion to dismiss with a motion to set aside the clerk's entry of default, filed on May 16, 2008, arguing that the Plaintiff's service of process was insufficient. On June 6, 2008, the Plaintiff filed a motion to strike both motions filed by the United States and any accompanying documentation or memoranda of law, arguing that the motions were improper because the United States had not entered an appearance in this matter or filed a responsive pleading. Plaintiff also incorporated out of time responses to both the United States' motions into his motion to strike. *See* UNIF. L. R. 7.2(D), 7.2(I).

II.  **Discussion**

   A. *Plaintiff's Motion to Strike*

As a threshold matter, the Court denies the Plaintiff's motion to strike the United States' motions and supporting memoranda.  As will be outlined in greater detail below, the United States was under no obligation to respond to the Plaintiff's Complaint because the Plaintiff never properly served the United States with process.  Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 937 (5th Cir. 1999) ("Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint.").  Regardless, subject matter jurisdiction may be challenged at any stage in the litigation.  Nguyen v. Dist. Dir., Bureau of Immigration & Customs, 400 F.3d 255, 260 (5th Cir. 2005); *see also* FED R. CIV. P. 12(h)(3).

Also, "when a party against whom a default judgment has been entered wants to attack that judgment, the proper procedure is a Rule 55(c) Motion to Set Aside Default Judgment." United States v. McCoy, 954 F.2d 1000, 1002 (5th Cir. 1992).  If Rule 55(c) allows a party against whom a default judgment has been entered to move that the default judgment be set aside, then it also must allow a party to move that an entry of default be set aside.  In fact, Courts in this jurisdiction have often considered motions to set aside an entry of default.  Buckley v. Donohue Indus., 100 Fed. Appx. 275 (5th Cir. 2004); Fed. Sav. & Loan Ins. Corp. v. Kroenke, 858 F.2d 1067 (5th Cir. 1988); McAnally v. Fid. & Guar. Life Ins. Co., 2008 U.S. Dist. LEXIS 41982 (N.D. Miss. 2008); Burton v. Cont'l Cas. Co., 431 F. Supp. 2d 651 (N.D. Miss. 2006).

   B. *United States' Motion to Dismiss*

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal is

appropriate if it is certain that the plaintiff can not prove any set of facts in support of his claim that would entitle him to relief. Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995). A motion to dismiss for lack of subject matter jurisdiction "may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ynclan v. Dep't of Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citation omitted).

The United States argues that this court lacks subject matter jurisdiction over this action and that the matter should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). The crux of the United States' argument is the proposition that the Civil Asset Forfeiture Reform Act (CAFRA) is – by intent of Congress – the exclusive means by which a challenge to a civil forfeiture's validity may be pursued, and, therefore, this Court lacks subject matter jurisdiction as to the resolution of this dispute.

In support of its argument, the United States cites the extensive procedures outlined in 18 U.S.C. §§ 981 and 983, as well case law from other jurisdictions. The Southern District of New York has stated that once a government agency sends notice of a seizure, initiating an administrative civil forfeiture proceeding under 18 U.S.C. § 983(a)(1), the *res*, or property at issue, is under the jurisdiction of the agency that seized it, unless the agency commences a judicial civil forfeiture proceeding under 18 U.S.C. § 983(a)(3). Aquasviva v. U.S. Drug Enforcement Admin., 2004 U.S. Dist. LEXIS 16876, *9-*10 (S.D. N.Y. 2004). However, the New York district court only explicitly stated that a "district court generally lacks subject matter to review the merits of an administrative forfeiture decision," a holding inapplicable to the present case, in that the Plaintiff is not asking the Court to review a completed administrative

forfeiture decision. Id. The New York court did not hold that the judicial forfeiture action, once started by the agency, is the exclusive action in which a claimant may seek the return of his or her property.

In a case out of the District Court of the District of Columbia, a plaintiff filed an action in federal court seeking the return of funds seized by the Secret Service. Wada v. United States Secret Serv., 525 F. Supp. 2d 1 (D. D.C. 2007). At the time the plaintiff filed the action, she had already received notice that the Secret Service had initiated an administrative civil forfeiture proceeding. Id. at 11. She asserted a claim to the money, as the Secret Service's notice instructed her to do, in compliance with CAFRA. Id. She then filed her own civil action seeking the return of the funds. Id. The D.C. court held that once the Secret Service commenced the administrative forfeiture, the district court lacked jurisdiction over the funds. Id. at 11-12. It cited D.C. Circuit precedent that "Congress intended for the administrative forfeiture scheme to preempt the District Court's jurisdiction so as to provide an exclusive avenue to resolve forfeiture disputes." Id. at 12, *citing* United States v. Price, 914 F.2d 1507, 1510 (D.C. Cir. 1990).

The law presented by the Defendant is persuasive and well-reasoned. In fact, other jurisdictions, in addition to those cited by the Defendant, have come to similar conclusions regarding the exclusiveness of the remedies provided by CAFRA. *See* Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (The commencement of an administrative forfeiture proceeding divests the District Court of jurisdiction until the government's initiation of a judicial forfeiture action against the property.); Boero v. Drug Enforcement Admin., 111 F.3d 301, 304-05 (2nd Cir. 1997) (An administrative forfeiture proceeding removes the subject matter of the action from the district court and deprives the court of jurisdiction, except for review of

completed administrative decisions for procedural deficiency.).  However, the Fifth Circuit has not come to such a conclusion,[1] and the text of the statute itself gives no indication that Congress intended to foreclose a claimant's pursuit of his own action against the government in federal court and only seek relief through the legal fiction of an *in rem* action initiated by the government.  Absent a clear statement within the statute that Congress intended to preempt all other judicial remedies with CAFRA's passage, or an explicit statement from the Fifth Circuit to the same effect, this Court will not foreclose an otherwise valid avenue of relief for claimants within this jurisdiction.  As such, the Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

### C. Motion to Set Aside Entry of Default

"An entry of default may be set aside for good cause."  FED. R. CIV. P. 55(c); Lacy v. Sitel Corp., 227 F.3d 290, 291-92 (5th Cir. 2000).  The Court's decision as to whether to set aside an entry of default is "informed by equitable principles."  Lacy, at 292.  The Court is aware of the United States' misguided belief that this Court lacks subject matter over this matter, but that, in and of itself, does not provide good cause to set aside an entry of default.  However, good and equitable cause to set aside the clerk's entry of default as to each Defendant certainly exists in this matter, in that none of the Defendants were properly served with process and, therefore, had no obligation to respond to Plaintiff's Complaint.  Hartford Life & Accident Ins. Co., 167

---

[1] The Fifth Circuit has held that a district court lacks jurisdiction to review the merits of a claimant's request for remission of a completed administrative forfeiture.  Reyna v. United States, 180 Fed. Appx. 495, 496 (5th Cir. 2006); Bailey v. United States, 508 F.3d 736, 739 (5th Cir. 2007) ("Once an administrative forfeiture is complete, a district court may review only whether the forfeiture comported with constitutional due process guarantees.").  Also, the Fifth Circuit has generally stated, in a pre-CAFRA case, that a basic requirement of *in rem* jurisdiction is that a court must have exclusive control of the property at issue.  Scarabin v. Drug Enforcement Admin., 966 F.2d 989, 994 (5th Cir. 1992).  While that general principle does support the Fifth Circuit's refusal to review completed administrative forfeitures (in which the district court never had exclusive control of the *res*), it has no bearing on a situation such as this, in which the administrative proceeding has terminated and the government has invoked the jurisdiction of the district court by initiating a judicial action.

F.3d at 938. The clerk's entries of default were in error, and the Court rules that they should be set aside, in accordance with FED. R. CIV. P. 55(c).

### D. *Insufficient Service of Process*

Rule 41(b) authorizes a district court to dismiss an action for failure of a party to comply with the Rules of Civil Procedure. FED. R. CIV. P. 41(b). Furthermore, this court may "sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases." Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982). Rule 4(m) further authorizes the district court to "on its own after notice to the plaintiff" dismiss an action without prejudice if a plaintiff has not properly served process on a defendant within one hundred twenty days after the complaint is filed. FED. R. CIV. P. 4(m). Therefore, it is within this court's discretion to consider a party's compliance or non-compliance with the Rules even though the issue was not the basis for the opposing party's motion to dismiss.

According to Rule 4(i)(1) of the Federal Rules of Civil Procedure, to serve process on the United States, one must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) *send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.*; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1) (emphasis added). Likewise, to serve process on a United States agency, officer, or employee, one must, in addition to other requirements, serve the United States. FED. R. CIV. P. 4(i)(2); FED. R. CIV. P. 4(i)(3). Therefore, in a case in which the United States is

joined with its agencies or employees as a defendant, if the United States has not been properly served, neither have its agencies or employees. In the present case, there is no evidence in the record that a copy of the summons and Complaint were sent to the Attorney General of the United States as required by Federal Rule of Civil Procedure 4(i)(1)(B).

Also, according to Rule 4(j)(2) of the Federal Rules of Civil Procedure, one must serve process on a state or local government by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or
(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FED. R. CIV. P. 4(j)(2). According to the record, Plaintiff served the Panola County Sheriff Department and the Tri-County Narcotics Task Force by use of certified mail. However, "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" of the Federal Rules of Civil Procedure. Gilliam v. County of Tarrant, 94 Fed. Appx. 230 (5th Cir. 2004), *citing* Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993) (sending by certified mail did not constitute "delivery" under Rule 4).

However, the rules also provide that one may serve process on a state or local government in the manner prescribed by that particular state's rules. The Mississippi Rules of Civil Procedure state that one must serve process upon a county "by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors." MISS. R. CIV. P. 4(d)(6). Additionally, one must serve process upon any other governmental entity not otherwise mentioned in the Mississippi Rules of Civil Procedure "by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity." MISS. R. CIV. P. 4(d)(8). In the context of Mississippi's Rule 4, "delivery" may be by certified mail only in the case of

individuals, domestic or foreign corporations, or partnerships or other unincorporated associations. MISS. R. CIV. P. 4(c)(3), 4(d)(1), 4(d)(4). In the present case, Plaintiff served process on the state and local government Defendants by use of certified mail.

In the present action, the Plaintiff has had informal notice of the apparent deficiencies of his service of process upon the federal government Defendants since May 16, 2008, when the United States filed its motion to set aside the entry of default that the clerk entered against it, but the Plaintiff failed to offer any explanation for his failure to serve the United States Attorney General in his responsive brief. However, the Plaintiff has not received formal notice from the Court of the apparent deficiencies with his service of process upon the Defendants, and the Court will not dismiss this action without giving Plaintiff an opportunity to show that he has perfected service of process upon the Defendants or that he has good cause for not doing so.

Therefore, the Court considers this opinion to be explicit notice to the Plaintiff of the apparent deficiencies with his service of process in this matter, and, having given the Plaintiff formal notice of said apparent deficiencies, the Court hereby orders that, within twenty (20) days of the entry of this opinion and its accompanying order, the Plaintiff show the Court, in writing, that he perfected service of process upon all Defendants within the one hundred and twenty day period following the filing of his Complaint as prescribed by Rule 4(m) or, alternatively, show the court, in writing, that he had good cause for his failure to do so.

### III. Conclusion

Accordingly, the Court 1) denies the Plaintiff's motion to strike [24]; 2) denies Defendant United States' motion to dismiss for lack of subject matter jurisdiction [17]; 3) grants Defendant United States' motion to set aside [19] the entries of default entered against the Defendants [13] [16]; and 4) orders Plaintiff to either show the Court in writing that he perfected service of

process upon the Defendants within the time prescribed by Rule 4(m) or provide the Court, in writing, a showing of good cause for his failure to properly serve the Defendants with process, within 20 days of the entry of this opinion and its accompanying order.

Finally, the Court is cognizant of the impending trial date in this matter of February 23, 2009, and, as the record clearly shows that neither party will be prepared to proceed at that time, trial of this matter is hereby **CONTINUED** until further order of this Court.

A separate order in accordance with this opinion will issue this the 5th day of February, 2009.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT COURT JUDGE**